JOHN MILLETT ET AL *v.* R. E. MILLETT, FOR USE, ET AL.

**Bonds—Motion for Judgment on—Waiver.**
    Notice of a motion for judgment on a bond was not served on the obligors five days before the motion was made. Held that the error was waived by the appearance thereto, and consenting to the trial without objections.

**Fraudulent Conveyance—Assignment in Contemplation of Insolvency.**
    Creditors, to whom property is assigned, in contemplation of insolvency, can, under proper proceeding for that purpose, be held by the non-preferred creditors for the amount collected, but not by the obligors in an action on bond.

**Bonds—Excess Judgment.**
    On motion for judgment on bond for rent distrained, the obligors are not liable beyond the amount distrained, and ten per centum, statutory damages. Section 721, Civil Code.

APPEAL FROM FULTON CIRCUIT COURT.

February 16, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Notice of the motion for judgment on the bond was not served on the obligors thereon five days before motion was made as required by *section 722 of Civil Code.* But appellant waived the error, by appearing to the motion and consenting to the trial without objecting to the sufficiency of the notice, or the service thereof.

From the writing filed by Rowlback and Landerdale it appears that the claim on appellants was assigned to them by R. E. Millett before the restraining order was obtained if it was ever made operative by the proper bond as required in the order which does not appear in the record. But if the assignment of the debt to Rowlback and Landerdale was made in contemplation of insolvency, and to prefer them over other creditors of R. E. Millett, they would be responsible to the non-preferred creditors for the amount collected in a direct proceeding against them for that purpose,

and might be held to that responsibility by proper proceedings in the equitable action referred to of *Crabbe, etc., vs. R. E. Millett,* although they may have collected the money of appellants; the refusal of the court, therefore, to transfer the case was not an error for which the judgment should be reversed.

*But by section 721, Civil Code,* the tenant, his assignee, or under-tenant, may execute with one or more sufficient sureties, to be approved by the officer, a bond to the party in whose favor a distress warrant issued, to the effect that he will pay to such party the *amount of the rent specified in the warrant,* with ten per cent thereon, if the property is of the value of the rent so specified, or if it is of less value, that he will pay such party the value thereof, and ten per cent thereon. The bond taken by the officer and on which this motion is made conforms strictly to the requirements of this *section* of the *Code. And section 725 Ib.* provides if the judgment is against the defendants, it shall be for the rent due, and ten per cent thereon, not exceeding the amount secured by the bond.

In this case the obligors in the bond undertook to pay the plaintiff in the warrant $566.66, the amount of rent claimed to be due, and ten per cent thereon only. But notwithstanding the terms of the bond, judgment was rendered against appellants for $702.98.

This judgment cannot be sustained, because it exceeds the amount secured by the bond, and is for more than appellees are legally entitled to. Wherefore, the judgment is reversed and the cause is remanded with directions for further proceedings consistent with this opinion.

*Roulbac, James, for appellant.*

*Lindsey, Rodman, for appellees.*